JOHN CLARK, Respondent, *v.* THE MANHATTAN RAILWAY COMPANY, Appellant.

*Court of Appeals, March* 26, 1886.

*Examination of witness under section* 872 *of the Code.*—Where the testimony of a dying witness was taken and finished by a referee late on Saturday night, and it was agreed by counsel that the minutes be written up by the stenographer, and subscribed by the witness, the following Monday, and it was done accordingly in the absence of both counsel, after it had been read over to the witness, and it is not claimed that any harm or prejudice came to the plaintiff from so doing, the counsel for the plaintiff waived his right to be present, and the court, erred in suppressing it.

An application was made to suppress a deposition *de bene esse* on the ground that it was read over to and subscribed by the witness in the absence of, and without notice to the plaintiff's attorney. The defendant had the testimony of a dying witness taken by a referee under sections 876, 880 of the Code. It was completed late Saturday night and the stenographer did not write out his notes, and it was agreed, without objection on the part of plaintiff's counsel, that the minutes be written up and subscribed on the following Monday, which was done, in the absence of both counsel.

Appeal from an order of the general term affirming an order of the special term granting a motion to suppress the said deposition.

*Edward S. Rapallo*, for appellant.

*Chauncey S. Truax*, for respondent.

PER CURIAM.—It is not claimed that any harm or prejudice came to the plaintiff because the deposition was read to and subscribed by the witness in the absence of his counsel.   We have carefully considered all the facts appearing in the affidavits, and are of opinion that plaintiff's counsel must be held to have waived his right to be present at or to have notice of the reading of the deposition to the witness on the Monday after it was taken, and that, therefore, the court erred in suppressing it.   The orders of the general and special terms should be reversed, and the motion denied, with costs of the appeal to the general term and to this court, and ten dollars costs of the motion.

All concur, except RAPALLO, J., absent.